CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the
# United States Court of Appeals
# For the Seventh Circuit

_____

No. 22-3160

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellant*,

v.

JOHN HOLDEN,
                              *Defendant-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:22-CR-30 RLM-MGG — **Robert L. Miller, Jr.**, *Judge*.

_____

ARGUED JUNE 1, 2023 — DECIDED JUNE 16, 2023

_____

Before EASTERBROOK, WOOD, and PRYOR, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. "Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood." *Bryson v. United States*, 396 U.S. 64, 72 (1969), reaffirmed in

*Lachance v. Erickson*, 522 U.S. 262 (1998). That principle decides this appeal.

When John Holden sought to buy a firearm in August 2021, he had to complete ATF Form 4473. Among the questions was whether he was then "under indictment or information" for any crime punishable by imprisonment for a year or more. He answered "no," but that answer was false. Holden had been accused of battering a public safety official, in violation of Ind. Code §35-42-2-1(c)(1), (e)(2).

In August 2022 Holden pleaded guilty to violating 18 U.S.C. §922(a)(6), which makes it a crime

> knowingly to make any false or fictitious oral or written statement … intended or likely to deceive [an] importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of this chapter[.]

He sought to withdraw the plea in order to contend that 18 U.S.C. §922(n), which makes it a crime to purchase or receive a firearm while under indictment for a felony, violates the Second Amendment as understood in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The district judge granted this motion and dismissed the indictment, ruling that §922(n) is invalid. 2022 U.S. Dist. LEXIS 212835 (N.D. Ind. Oct. 31, 2022). The United States has appealed.

Holden had been charged by information, while §922(n) uses the word "indictment." The parties and the district court treat these words as equivalent, and we do so too.

The main problem with the district court's approach is that Holden was not charged with violating §922(n). He was charged with making a false statement to a firearms dealer, in violation of §922(a)(6). A false statement "intended or likely

to deceive [a licensed dealer] with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of this chapter" is forbidden. A false statement is material if it has "a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (cleaned up). An honest statement about a pending indictment would be material under that standard. A truthful statement would have led the dealer to refuse to sell Holden a gun.

Holden does not contend, and the district court did not find, that there is any constitutional problem with §922(a)(6). Congress is entitled to require would-be purchasers to provide information—their names, addresses, Social Security numbers, criminal histories, and so on. We may assume that the Second Amendment would prevent enforcement of a statute saying, for example, that "anyone whose surname starts with the letter H is forbidden to possess a firearm." But that would not prevent Congress from demanding purchasers' real names. So too with Social Security numbers: the Constitution may block the federal government from limiting gun ownership to people who have Social Security numbers, but it would not interfere with the use of such numbers to identify, and perhaps check the criminal history of, people who do have them. The power to collect accurate information is of a different character—and stands on a firmer footing—than the power to prohibit particular people from owning guns.

Many decisions of the Supreme Court hold that false statements may be punished even when the government is not entitled to demand answers—when, for example, compelling a truthful statement would incriminate the speaker. See, e.g.,

4 No. 22-3160

*United States v. Kapp*, 302 U.S. 214, 218 (1937); *Dennis v. United States*, 384 U.S. 855, 866–67 (1966); *United States v. Knox*, 396 U.S. 77, 79 (1969). The word "material" in §922(a)(6) does not create a privilege to lie, when the answer is material to a statute, whether or not that statute has an independent constitutional problem.

Holden does not deny that his statement was "material" in the sense that it affected the dealer's willingness to sell him a gun. He maintains, rather, that it was not material "to the lawfulness of the sale", because §922(n) must be treated as if it had never been enacted. Yet neither the Supreme Court nor any court of appeals has deemed §922(n) void. Someone who wants a court to take such a step should file a declaratory-judgment action rather than tell a lie in an effort to evade detection that the sale would violate the statute.

Nor is it likely that §922(n) would be held invalid across the board. The Supreme Court has told us that, except with respect to a law invalid in every possible application (or substantially overbroad with respect to speech), a statute's constitutionality must be assessed as applied. See *United States v. Stevens*, 559 U.S. 460, 472–73 (2010); *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Governments may keep firearms out of the hands of dangerous people who are apt to misuse them. *Bruen*, 142 S. Ct. at 2131 (Second Amendment protects "law-abiding, responsible citizens"), 2148–50 (discussing surety laws), 2162 (Kavanaugh, J., concurring). Even if some applications of §922(n) would flunk the constitutional standard (say, someone under indictment for an antitrust offense), others might illustrate the sort of person who cannot be trusted with guns (say, someone under indictment for using violence against a domestic

No. 22-3160　　　　　　　　　　　　　　　　　　　　5

partner). People cannot engage in self help by telling lies to avoid the inquiry whether §922(n) may properly apply to them; they must tell the truth and seek judicial relief on the ground that §922(n) would be invalid with respect to them, in particular. Indeed, one might think that the very act of lying to obtain a firearm implies a risk that the weapon will be misused.

This is not the proceeding, however, in which to adjudicate a contention that any particular application of §922(n) violates the Second Amendment. Our discussion is designed to show that the statute's status remains unresolved.

Suppose the Supreme Court were to hold §922(n) invalid in *all* of its applications (that is, "on its face"). Section 922(a)(6) speaks of facts material to "this chapter" of the Criminal Code. Knowledge that the applicant is under indictment might lead the dealer or federal official to check just what the charge is. Suppose the check reveals that the applicant is an alien charged with unlawful reentry after a removal order. That would forbid a sale under 18 U.S.C. §922(g)(5). See *United States v. Meza-Rodriguez*, 798 F.3d 664 (7th Cir. 2015). A check might reveal that the applicant is a fugitive, barred by §922(g)(2). It might reveal a conviction that blocks ownership under §922(g)(1). (For example, the indictment might charge a person with possessing a gun despite a prior conviction for a violent crime.) And given the lag between filing a form and the transfer of the gun, some would-be purchasers who are indicted by the first date may be convicted by the second; an honest answer would allow that possibility to be checked.

For these reasons, a truthful answer to the question "are you under indictment?" can be material to the propriety of a firearms sale, whether or not all possible applications of

6                                                                                          No. 22-3160

§922(n) comport with the Second Amendment. It follows that the district court's judgment must be reversed and the criminal charge against Holden reinstated.