**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cr-00030-DRL-MGG |
| | ) | |
| | ) | |
| JOHN HOLDEN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## <u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Comes now the defendant, John Holden, by and through his court-appointed counsel Donald J. Schmid, to submit this sentencing memorandum in preparation for the February 29, 2024 sentencing hearing in this case.

### Introduction

The defendant is 22 years old.  He is a loving son and a reliable brother.  He supports himself by working two jobs currently, one at Amazon and another at Cencora Warehouse.[1]  Cencora Warehouse partners with pharmaceutical companies and healthcare providers to facilitate access to the therapies people need.  Their services support the entire continuum of healthcare, including:

---

[1]      The PSR writer was made aware of the second job at Cencora Warehouse by the defendant and by counsel but chose not to include this additional employment in the PSR because the job was acquired after the PSR was initially drafted and the start date for this work is a few days before the sentencing hearing in this case.

1

Supply chain and logistics

Wholesale and specialty distribution

Clinical trial logistics

Cell and gene therapy support

Biosimilars education, solutions, and support

Patient support and services

Business analytics and technology

Pharmacy and physician practice solutions

Veterinary and livestock management optimization

Creating healthier futures | Cencora

Mr. Holden has a substantial history of volunteer and community work as well.  He was a part of the 100 Black Men of Greater South Bend.  The mission of the 100 Black Men of Greater South Bend, Inc. is to improve the quality of life within our communities and enhance educational and economic opportunities for all African Americans.  Mission, Values and Vision - 100 Black Men of Greater South Bend (100blackmenofsouthbend.org)

Mr. Holden participated in the Peace Rally downtown South Bend in 2016. He was a part of Lincolnway cleanup in 2014.   He also participated in a marathon for breast cancer awareness at the age of 9.   He attended the Bethel Summer of Service (S.O.S) camp for three years.   Summer of Service involves its attendees in a variety of service projects, worship, dynamic messages, and powerful small group discussions.  (20+) Facebook   Mr. Holden also did volunteer work in the community such as paint houses, cut grass, and work at $1 dollar car washes where the

2

participants would give customers a dollar to wash their cars.  He has a substantial record of community service.

Mr. Holden has also been involved in making film videos for local up anc coming artists.  Visual arts are a passion of his and keep him inspired to not only create but to connect with others with the aim to entertain others.   He was accepted into Full Sail University in 2018 and he plans on going to Full Sail University for film production.

Mr. Holden is intelligent.  He was accepted into several higher education schools including the University of North Texas, Texas Southern University, and Indiana University of South Bend based on his scores on the PSAT test.  He was also recommended for The Indiana Academy for Science, Mathematics, and Humanities in Muncie, Indiana.  It is a residential high school for gifted and talented juniors and seniors across the State of Indiana.  Located on the campus of Ball State University, it is an esteemed public high school in Indiana.

### Disposition of the Case

To borrow from a popular song, it's been a "long and winding road." *The Long and Winding Road*, The Beatles (1970).

On April 13, 2022, a one-count indictment was filed charging Mr. Holden with violating 18 U.S.C. § 922(a)(6).  (DE 1.)  That regulatory statute makes it a federal crime subject to imprisonment to knowingly making a false statement intended or likely to deceive with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of

this chapter [i.e., Title 18, Chapter 44]." 18 U.S.C. § 922(a)(6). The indictment specifically alleged that Mr. Holden "knowingly made a false and fictitious statement … that was intended and likely to deceive Worldwide … as to a fact material to the lawfulness of the sale of the firearm." (DE 1, at 1.) The indictment identified Mr. Holden's false statement as his "represent[ation] that he was not under indictment or information in any court for a felony offense." (Id.)

Mr. Holden initially pled guilty based on the recommendation of his then court-appointed counsel. (DE 18; Plea 1-22; see also DE 24.) But in September 2022, after obtaining new court-appointed counsel and new advice from said counsel based on the Supreme Court's then three-month-old decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (June 23, 2022), he moved to withdraw his plea and to dismiss the indictment on the ground that, based on *Bruen*, 18 U.S.C. § 922(n) violates the Second Amendment. (DE 24, at 3-6.) In his motion to dismiss the Indictment, Mr. Holden argued that, because Section 922(n) was unconstitutional, his alleged false statement about being under a felony information was not material to the lawfulness of the firearm's sale and thus he did not violate Section 922(a)(6). (DE 24, at 6-7.)

After briefing and oral argument, the district court granted the motion and dismissed the indictment. (DE 32.) Judge Miller first recognized that in *Bruen* the Supreme Court changed how courts evaluate Second Amendment challenges to firearms regulations. Courts can no longer apply means-end balancing. Instead, if the Second Amendment's plain text covers some regulated conduct, "the

4

Constitution presumptively protects that conduct." The government may overcome this presumption only by "affirmatively prov[ing] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." (quoting 142 S. Ct. *Bruen*, at 2127.)

Judge Miller then held that Section 922(n) facially violates the Constitution. He deemed Mr. Holden's attempt to receive a firearm "presumptively protected by the Second Amendment" because "[r]eceiving a firearm is necessarily a precursor to keeping or bearing a firearm." Judge Miller noted that the parties seemed to agree that the "Second Amendment's text plainly covers the regulated activity — receiving a firearm."

Next, Judge Miller concluded the government failed to affirmatively show that restricting those under indictment from acquiring firearms was consistent with "the history and tradition of firearms regulations." (citing *Bruen*, 142 S. Ct. at 2127.) While the predecessor to Section 922(n) was first enacted in the Federal Firearms Act of 1938, that enactment occurred too long after the Second Amendment's 1791 ratification to "shed much light on the [Second Amendment's] original public meaning." Judge Miller also rejected the government's efforts to analogize Section 922(n) to nineteenth century surety laws because surety laws provided exceptions and "Section 922(n) imposes an absolute prohibition." Finally, Judge Miller concluded that Holden's alleged false statement during the attempted firearm purchase was not material to the lawfulness of the firearm sale for purposes of § 922(a)(6).

The Seventh Circuit, in a cursory opinion, disagreed and reversed Judge Miller.  (DE 32.)  The defendant's subsequent petitions for rehearing and for writ of certiorari were not granted.  The case then returned to the district court where the defendant made a new motion to withdraw his guilty plea.  This Court then denied a new motion of the defendant to withdraw his guilty plea.  (DE 51.)

## Applicable Guideline Range

The defendant's adjusted offense level on the firearm charge, as calculated in the PSR, is 10.  With a criminal history category of II, the defendant's guideline range on his offense of conviction is eight to 14 months  imprisonment.   That range is in Zone B of the Guidelines sentencing table.

A sentence of probation is explicitly permitted under the Sentencing Guidelines for persons whose offense level is in Zone B.

---

**§5B1.1.   Imposition of a Term of Probation**

    (a)   Subject to the statutory restrictions in subsection (b) below, a sentence of probation is authorized if:

        (1)   the applicable guideline range is in Zone A of the Sentencing Table; or

        (2)   the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of §5C1.1 (Imposition of a Term of Imprisonment).

U.S.S.G. § 5B1.1.

The defendant recommends to the Court and asks for a sentence of straight probation or probation that includes a period of home detention, for the reasons set forth in this memorandum.

### Parsimony Principle

The most fundamental prescription of the sentencing statute is that the Court is to "impose a sentence sufficient, but not greater than necessary, to comply" with the sentencing statutes. 18 U.S.C. § 3553(a). See also *United States v. Torres-Gomez*, No. 11-CR-237, 2012 U.S. Dist. LEXIS 57082, at *3-4 (E.D. Wis. Apr. 24, 2012) ("parsimony provision" serves as the "overarching command of the statute"). This rule of parsimony applies in all federal sentencings. *United States v. Dupriest*, 794 F.3d 881, 885 n.4 (7th Cir. 2015). As the Seventh Circuit noted, "The parsimony principle in § 3553(a) is an important and binding instruction from Congress." *United States v. King*, 861 F.3d 692, 696 (7th Cir. 2017).

The Supreme Court instructed in *Gall v. United States* that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." 552 U.S. 38, 49, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007); reconfirmed in *Peugh v. United States*, 133 S. Ct. 2072, 2080, 186 L. Ed. 2d 84 (2013). Once the district court has done so, however, it is not permitted to "presume that the Guidelines range is reasonable. ... [It] must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50.

The Seventh Circuit has explained that not only may a district court "not presume that a guideline sentence is the correct one," *Nelson v. United States*, 555

U.S. 350, 352, 129 S. Ct. 890, 892 (2009); *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007), but the district court cannot "even place a 'thumb on the scale favoring a guideline sentence.'" *United States v. Pennington*, 667 F.3d 953, 958 (7th Cir. 2012) (quoting *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007)).

In the instant case, a sentence of probation with a period of home detention for the defendant's firearm regulatory offense would be sufficient, but not greater than necessary, to comply with the sentencing statutes. See *United States v. Bullingto*n, No. 02:10-CR-20057-002, 2011 U.S. Dist. LEXIS 79178, at *8 (W.D. Ark. July 20, 2011). No more than this is necessary to serve the statutory goals of just punishment, deterrence, respect for the law, and the other aspirations of the sentencing statute. A sentence of probation would be consistent with the fundamental parsimony provision that is paramount in the federal sentencing statutes and would be sufficient here to serve the statutory goals outlined in the sentencing statutes.

### This Court's Sentencing Discretion

Deviation from guideline sentences on policy and other grounds is permitted. *Spears v. United States*, 555 U.S. 261, 129 (2009). Such discretion may be exercised not only based on characteristics that distinguish a case from the "heartland" of cases contemplated by the guidelines, but also based on general policy considerations that apply "even in a mine-run case." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). See also *United States v. Bannister*, 786 F. Supp. 2d 617,

662-63 (E.D.N.Y. 2011); *United States v. Newhouse*, 919 F. Supp. 2d 955, 965 (N.D. Iowa 2013).

A sentence of probation even without a period of home detention would be a legally permissible sentence in this case, if the Court were so inclined.

**Mr. Holden's Criminal History**

Mr. Holden is in criminal history category II – per the guidelines.  His only two criminal history points are for a misdemeanor incident that occurred in 2021. (PSR ¶ 29.)  He has no prior juvenile history and no prior felony convictions.  ((PSR ¶ 28-31.)

**Mr. Holden's Personal Characteristics**

Mr. Holden was born in Hazel Crest, Illinois in 2000.  His parents were never married.  He received good grades.  He moved to Texas with his brother to live with his father at the start of high school.  After graduating high school in 2018 in Texas, he moved to South Bend, Indiana.

He is not married and does not have any children.  But Mr. Holden is very close to his immediate family as well as his cousins in South Bend and the Chicago area.

The defendant is healthy.  He has a minor substance abuse history.  He has not used marijuana or any illegal drugs since 2021.  His positive test for THC was the result of the purchase and use of a legal vape pen.  He tested negative most recently on January 18, 2024.  Mr. Holden scored zero on the Drug Screening instrument here.

The defendant has a very good and substantial work history (PSR ¶¶ 50-58), and currently holds two jobs, as noted above.

## Selection of Sentence

Mr. Holden has had this case hanging over his head since June 2022. There would appear to be no overwhelming reason to imprison Mr. Holden, considering the defendant's age, his good work history, his education, his work ethic, his family support, and his lack of a substantial criminal history

As noted above, the most fundamental prescription of the sentencing statutes is that the Court is to "impose a sentence sufficient, but not greater than necessary, to comply" with the sentencing statutes. 18 U.S. Code § 3553(a). District judges are not to rotely or mechanically impose guideline sentences. *Gall v. United States*, 552 U.S. 38, 50 (2007) (district judges "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented").

In this specific case, there is little reason to believe that a sentence of more than probation or probation with home detention would have a significantly greater deterrent effect than an imposed sentence of imprisonment.

## Conclusion

Mr. Holden has been through a lot with this case. He has accepted responsibility for his offense. A sentence of probation with or without a period of home detention for Mr. Holden in this case would be reasonable and just. Such a sentence would "reflect the seriousness of the offense, … promote respect for the law, and … provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

10

Respectfully, the defendant asks this Court to impose a sentence of probation for all the reasons set out in this memorandum.

Dated: March 17, 2024

Respectfully submitted,

/s/  *Donald J. Schmid*

_____

Donald J. Schmid

Attorney for Defendant John Holden

Law Offices of Donald J. Schmid LLC
1251 N. Eddy St., Suite 200
South Bend, IN 46617
schmid@donaldschmidlaw.com
phone: 574-993-2280