UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CR-30 DRL MGG |
| | ) | |
| JOHN HOLDEN | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Joel Gabrielse, Assistant United States Attorney, and submits the following memorandum in preparation for the sentencing hearing in this case.

The government agrees with the information and calculations set forth in the final presentence investigation report. The government recommends a sentence within the recommended Guideline range, with at least ½ of any such sentence to be served in custody.

With respect to some of the factors listed in 18 U.S.C. § 3553(a), the government advises the Court as follows:

### Nature and Circumstances of the Offense

The circumstances of the core offense conduct are uncomplicated: In August 2021, John Holden attempted to buy a 9mm Taurus handgun at a

federally licensed firearms dealer. In order to obtain that handgun, Mr. Holden lied on the standard ATF 4473 questionnaire form by indicating that he was not under indictment or information in any court for a felony. He signed the form, certifying that his answers were "true, correct, and complete."

That answer was not true. At the time, Mr. Holden was facing a felony charge in state court for battery to a police officer. That state case had been pending for several months, and Mr. Holden had attended court proceedings for it, so he was fully aware of his pending felony case when he attempted to obtain the Taurus handgun and lied on the form. The transaction was "flagged," however, and Mr. Holden did not successfully purchase that Taurus handgun.

### History and Characteristics of the Defendant

Although the core offense conduct took place on a single day and involved a single false statement, there are other relevant[1] events in Mr. Holden's history that may inform this Court's assessment of Mr. Holden's character, his risk factors, and the appropriateness of the sentence to be imposed.

In March 2021, Mr. Holden came to the attention of police because he was riding in a stolen car. He then lied about his identity and fought with

---

[1] Term used in a general sense, not necessarily implying "relevant conduct" under U.S.S.G. § 1B1.3.

officers. These events gave rise to the pending felony charge in state court, which was the subject of his false statement at the gun store in August 2021.

On October 18, 2021,[2] Mr. Holden filed a pretrial diversion agreement in the state criminal case. That agreement was accepted by the state court on October 28, 2021. As a result, Mr. Holden was expressly prohibited from possessing any firearm or dangerous weapon.

In December 2021, Mr. Holden received a gunshot injury to his leg. Police and medical personnel concluded that he accidentally shot himself with a gun in his own pocket; Mr. Holden says he didn't.

In spite of his explicit prohibition on possessing firearms due to his state criminal case, in March 2022, Mr. Holden went to another gun store to purchase a handgun. This time he successfully obtained a .40 caliber Springfield Armory pistol.

Mr. Holden apparently kept that Springfield Armory pistol until it was recovered by police on September 29, 2023. They found it hidden in the dash of Mr. Holden's vehicle. It was loaded.

Mr. Holden's repeated efforts to obtain guns are concerning, especially because he has either ignored legal prohibitions or lied to circumvent those prohibitions. Relatedly, the circumstances of these various episodes indicate

---

[2] Some of the dates listed in the Revised Final PSR (DE 57, ¶¶ 12, 29) may be in error, according to the online court docket record for case 71D02-2103-F6-201.

3

that Mr. Holden himself considered his possession of firearms to be impermissible.

Although many of the employment positions are uncorroborated, it appears that Mr. Holden has held a variety of legitimate jobs. (It is worth noting, however, that none of those jobs has lasted very long.) He has a high school diploma and a stated interest in college education. He does not appear to have a substance abuse problem.

**Just Punishment, Adequate Deterrence, and Respect for the Law**

In general, similar sentences for similarly situated defendants provide just punishment, adequate deterrence, and respect for the law. In general, the Guidelines provide the best hope for consistent sentencing. *United States v. Woods*, 2018 WL 10229903 (N.D. Ind. 2018). "[T]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to teat similar offenses and offenders similarly." *United States v.* Bartlett, 567 F.3d 901, 908 (7th Cir. 2009). Indeed, the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, although the Guidelines are advisory rather than mandatory, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a) objectives." *Id*.

4

In this case, neither the core offense conduct nor Mr. Holden's criminal history score are especially aggravated. The Guidelines reflect that reality by recommending a relatively low range of 8 – 14 months. The government recommends a sentence within that range. The government recommends that at least ½ of any such sentence be served in custody, and makes no further recommendation regarding other means of serving the remainder of the sentence.

## Conclusion

A sentence within the Guideline range is appropriate.

Dated: March 18, 2024

       Respectfully submitted,

       CLIFFORD D. JOHNSON
       UNITED STATES ATTORNEY

By: *s/ Joel Gabrielse*
     Joel Gabrielse
     Assistant United States Attorney
     United States Attorney's Office
     204 S. Main Street, Room M01
     South Bend, IN 46601
     Telephone: 574-236-8287
     Email: Joel.Gabrielse@usdoj.gov